UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WEFUND4U, LLC, an Idaho limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ADRENALINE FUNDRAISING ASSOCIATION, a Texas limited liability company; JOHN DOES 1-20,<br><br>　　　　Defendants. | Case No. 1:22-cv-00385-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is WeFund4U LLC's ("WeFund4U") Motion to Continue Summary Judgment Response Deadline (Dkt. 38) and a related Motion to Shorten Time on Motion to Continue (Dkt. 39). Having reviewed the record, the Court finds oral argument would not significantly aid its decision-making process, and it decides the motions on the record. Dist. Idaho Loc. Civ. R. 7. 1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). As discussed below, the Court grants WeFund4U's motion to shorten time but denies its motion to continue its summary judgment response, except the Court will grant WeFund4U a brief extension to allow it to prepare its response.

## I.  BACKGROUND

At issue in this case is a contract between WeFund4U and Adrenaline Fundraising Association ("Adrenaline"). On May 20, 2017, WeFund4U entered into an agreement with Adrenaline for software services. (Dkt. 1 at pp. 7-24). The agreement describes WeFund4U as the "Provider" and states "Adrenaline wishes to procure from Provider for the benefit of Adrenaline's

individual representatives . . . an opportunity to (a) opt in to use [the agreement] and (b) be bound by the terms of [the] agreement." (*Id.* at p. 7). According to the agreement, "[o]nce an Adrenaline representative opts in and Adrenaline notifies Provider, the representative shall become the 'Customer' as contemplated by [the] agreement." (*Id.*). The agreement states "Provider understands that Adrenaline has no control over its individual representatives and that any disputes regarding performance under [the] agreement shall be between Provider and each Customer." (*Id.*). The agreement has an exclusivity provision stating that "Customer agrees that as a material consideration for Provider's agreement to provide the Services, Customer will during the Term of [the agreement] use only Provider's Services, to the exclusion of all other like services." (*Id.* at p. 8).

In September 2022, WeFund4U filed this action against Adrenaline alleging a claim of tortious interference with economic expectations.[1] (*Id.* at ¶¶ 3.1-3.7). In support, WeFund4U alleges that Adrenaline "knew about the agreement and the terms of the agreement [because it] was the signatory to the agreement"; Adrenaline "entered into [the] agreement on behalf of its members to use WeFund4U's software"; Adrenaline's "members were bound to the terms of that agreement"; and Adrenaline "interfered with the [agreement] by starting a competing fundraising software company and requiring or otherwise encouraging its members to use its new software company in violation of the terms of the [a]greement." (*Id.* at ¶¶ 3.3-3.5). Further, WeFund4U cites the exclusivity provision and alleges Adrenaline "agreed that WeFund4U would be the only service provider that it would use for its fundraising services," despite that Adrenaline is not identified as a "Customer" under the agreement. (*Id.* at ¶ 2.4, p. 7) (identifying Adrenaline's representative as "Customer").

---

[1] WeFund4U also alleges a breach of contract claim against numerous unidentified Doe Defendants. (Dkt. 1 at ¶¶ 4.1-4.5).

**MEMORANDUM DECISION AND ORDER - 2**

In support of its tortious interference claim against Adrenaline, WeFund4U cites *Tricore Investments, LLC v. Estate of Warren through Warren*, 485 P.3d 92 (Idaho 2021). In that case, the Idaho Supreme Court reiterated the rule in Idaho that "one who intentionally and improperly interferes with the performance of a contract between another and a third person by inducing or otherwise causing the third person not to perform the contract is subject to liability." *Id.* at 115 (citing *Wesco Autobody Supply, Inc. v. Ernest*, 243 P.3d 1069, 1083 (Idaho 2010)).

After the parties engaged in discovery but before the summary judgment deadline, Adrenaline moved for summary judgment. (Dkt. 37). In response, WeFund4U moved under Rule 56(d) of the Federal Rules of Civil Procedure to continue its deadline to respond to the summary judgment motion for "at least 60 days with leave to ask for more." (Dkt. 38 at p. 11). Further, WeFund4U requested the Court consider its Rule 56(d) motion on a shortened timeline because its summary judgment response was due on October 18, 2024. (Dkt. 39). Under the Court's local rules, however, Adrenaline is not required to respond to WeFund4U's motions until November 1.

After WeFund4U filed its Rule 56(d) motion and requested the Court expedite its decision on that motion, the parties stipulated to extend WeFund4U's summary judgment response deadline until November 1. (Dkt. 40). WeFund4U, however, "continues to assert that a longer continuance is necessary." (*Id.* at p. 2). Under Rule 1 of the Federal Rules of Civil Procedure, the Court addresses WeFund4U's motions without waiting for Adrenaline's responses to them to provide the parties' guidance and ensure a just, speedy, and inexpensive resolution.

MEMORANDUM DECISION AND ORDER - 3

## II.  LEGAL STANDARD

Under Rule 56(d), a court may defer or deny consideration of the summary judgment motion, allow additional time to conduct discovery, or issue any other appropriate order if the nonmoving party shows by affidavit that it cannot present facts to justify denying the summary judgment. To prevail on a Rule 56(d) motion, "[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F. 3d 822, 827 (9th Cir. 2008). "Failure to comply with these requirements is proper ground for denying discovery and proceeding to summary judgment." *Id.* (quotation omitted).

## III.  ANALYSIS

WeFund4U provides five reasons in support of its request for additional time to respond to Adrenaline's summary judgment motion: (1) the dispositive motion deadline is not until February 15, 2025; (2) WeFund4U's discovery against a third party has been delayed; (3) Adrenaline has not met its discovery obligations; (4) the parties previously stipulated five times that "outstanding discovery was necessary to complete before fact witness depositions and dispositive motions could be filed"; and (5) a response to outstanding discovery is "necessary for a proper adjudication of this case. " (Dkt. 38 at pp. 1-2). Except for WeFund4U's first reason, all its stated reasons for needing additional time to respond to Adrenaline's summary judgment motion relate to WeFund4U's efforts to obtain factual discovery either from Adrenaline or a third party in Texas, Raise365.

Adrenaline's summary judgment motion, however, does not implicate any factual issues. Rather, it raises questions of law which, if resolved in Adrenaline's favor, may resolve the case

MEMORANDUM DECISION AND ORDER - 4

and any need for further factual discovery. For example, Adrenaline argues that under Idaho law WeFund4U may not assert a tortious interference claim against Adrenaline for interfering in a contract to which Adrenaline is a party. (Dkt. 37 at p. 12) (citing *BECO Constr. Co. v. J-U-B Eng'rs., Inc.*, 184 P.3d 844, 849 (Idaho 2008) ("[T]he general rule is that a party cannot tortiously interfere with its own contract."). Further, Adrenaline argues that under the agreement's plain language, Adrenaline is not required to use WeFund4U's services; Adrenaline is not required to demand that its representatives use WeFund4U's services; and Adrenaline is not required to use WeFund4U as its exclusive software service provider. (*Id.* at p. 7).

These arguments raise issues which are purely legal in nature, and WeFund4U fails to articulate how any outstanding factual discovery is essential to responding to those legal issues. Further, WeFund4U's suggestion that Adrenaline may not bring its summary judgment motion before the dispositive motion deadline is not persuasive. The dispositive motion deadline does not prevent Adrenaline from filing a summary judgment motion before that deadline. Similarly, the parties' stipulations to extend discovery deadlines do not mean, as WeFund4U suggests, that Adrenaline agrees WeFund4U has met the Rule 56(d) standard. In short, WeFund4U's Rule 56(d) motion does not identify any specific, existing facts and explain how they are essential to surviving Adrenaline's summary judgment motion. Rule 56(d) motions are properly denied where the movant "fails to offer any explanation for why discovery is essential or necessary to [its] claims or to opposing the motions for summary judgment. A request at this level of generality is insufficient for Rule 56(d)." *Rabidue v. Cnty. of Bonner*, Case No. 2:20-cv-00529-BLW, 2023 WL 2390690, at *1 (D. Idaho Mar. 7, 2023)

While WeFund4U may have legitimate discovery grievances concerning the scope of Adrenaline's search for responsive documents and Raise365's response to WeFund4U's third-

MEMORANDUM DECISION AND ORDER - 5

party subpoena, WeFund4U offers no explanation regarding how the requested information is essential to surviving summary judgment. Regardless, the parties should continue to work in good faith to resolve any outstanding discovery disputes during the pendency of Adrenaline's summary judgment motion. Presently, the discovery cutoff is not until December 15, 2024. If the Court denies Adrenaline's summary judgment motion and concludes a trial is required to address genuine issues of material fact, the Court will entertain a discovery motion if necessary.

## IV.  CONCLUSION

The Court grants WeFund4U's motion to resolve its Rule 56(d) motion on an expedited basis. It finds that WeFund4U has not met the requirements of Rule 56(d) and denies WeFund4U's Rule 56(d) motion, except that WeFund4U shall have an extension until November 11, 2024, to respond to Adrenaline's summary judgment motion.

## V.  ORDER

**IT IS ORDERED that:**

1. WeFund4u's Motion to Shorten Time on Motion to Continue (Dkt. 39) is **GRANTED.**

2. WeFund4U's Motion to Continue Summary Judgment Response Deadline is **DENIED**, except that WeFund4U may have until November 11, 2024 to respond to Adrenaline's summary judgment motion.

DATED: October 31, 2024

Amanda K. Brailsford
U.S. District Court Judge